

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-92,231-01

## EX PARTE CLARENCE E. DAVIS, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 2014CRN000178D1 IN THE 49TH DISTRICT COURT
## FROM WEBB COUNTY

*Per curiam*.

### O R D E R

Applicant pleaded guilty to murder and was sentenced to thirty years' imprisonment. He did not appeal his conviction. He filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that his plea was involuntary because, among other things, trial counsel failed to investigate whether the offense was an "accident" and told Applicant he would serve only fifteen years, he could not testify at a trial, and he would be sentenced to ninety-nine years if he rejected the State's plea offer. Applicant has alleged facts that, if true, might entitle him to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Moussazadeh*, 361 S.W.3d 684 (Tex. Crim. App. 2012). Accordingly, the record should be developed. The trial court is the appropriate forum for

findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant would have insisted on a trial but for counsel's alleged deficient performance. The trial court shall also determine whether the claims in this application are barred by the doctrine of laches. S*ee Ex parte Perez*, 398 S.W.3d 206 (Tex. Crim. App. 2013). The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: February 10, 2021
Do not publish